UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUMAINE TURANE,

                              Plaintiff,

          -against-

THE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                              Defendants.

1:20-CV-8985 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff Trumaine Turane, who appears *pro se* and is currently incarcerated in the Gouverneur Correctional Facility, asserts claims under 42 U.S.C. § 1983 seeking damages as well as declaratory and injunctive relief. He names as defendants the New York State Department of Corrections and Community Supervision ("DOCCS"); the State of New York; individual DOCCS officials assigned to DOCCS offices in Albany, New York; and the Five Points, Cape Vincent, and Gouverneur Correctional Facilities. His claims arise from the revocation of his parole and DOCCS officials' alleged failure to provide him with adequate medical treatment while he has been incarcerated. But he does not specify who violated his federal constitutional rights or where those violations occurred.

On January 14, 2021, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP").[1] For the following reasons, the Court dismisses Plaintiff's claims against DOCCS, the State of New York, and the Five Points, Cape Vincent, and Gouverneur Correctional Facilities. The Court also directs Plaintiff to show cause why the Court should not transfer his remaining claims to the United States District Court for the Northern District of New York.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

2

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.      DOCCS and the State of New York**

Plaintiff's claims under 42 U.S.C. § 1983 against DOCCS and the State of New York are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, DOCCS is an arm of the State of New York, and therefore, enjoys Eleventh Amendment immunity. *See Morgan v. DOCCS*, No. 19-CV-4121, 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted).

Plaintiff sues DOCCS, an agency of the State of New York, as well as the State of New York itself. The Court therefore dismisses Plaintiff's claims under § 1983 against DOCCS and the State of New York under the doctrine of Eleventh Amendment immunity.[2]

## B.      Five Points, Cape Vincent, and Gouverneur Correctional Facilities

Plaintiff's claims under § 1983 against the Five Points, Cape Vincent, and Gouverneur Correctional Facilities must also be dismissed. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Correctional facilities are not "persons" for the purpose of § 1983 liability. *See, e.g.*, *Crocker v. Bedford Hills Corr. Fac.*, No. 19-CV-11401, 2020 WL 6263734, at *2 (S.D.N.Y. Oct. 23, 2020). The Court therefore dismisses Plaintiff's claims under § 1983 against the Five Points, Cape Vincent, and Gouverneur Correctional Facilities for failure to state a claim on which relief may be granted.

## C.      Claims against the remaining defendants

Under 28 U.S.C. § 1391(b), except as otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Because Plaintiff alleges that he pursued state-court remedies in the New York Supreme Court, Bronx County, and in the New York Supreme Court, Appellate Division, First Department (ECF 1, at 18), which are located in Bronx and New York Counties, in this judicial district, this Court is a proper venue for Plaintiff's remaining claims under § 1391(b)(2).[3]

But because Plaintiff's remaining claims are against individual DOCCS officials assigned to DOCCS offices in Albany County, which is in the Northern District of New York, 28 U.S.C. § 112(a), venue is also proper in the Northern District of New York under § 1391(b)(1). And by naming as defendants the individual DOCCS officials and the Five Points, Cape Vincent, and Gouverneur Correctional Facilities, Plaintiff seems to allege that a substantial part of the events giving rise to his claims occurred where those defendants are located, in the Northern and Western Districts of New York, making venue also proper in both of those judicial districts under § 1391(b)(2).[4]

Even though venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (Borough of Manhattan); Bronx (Borough of the Bronx); Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

[4] The Five Points, Cape Vincent, and Gouverneur Correctional Facilities, are located in Seneca, Jefferson, and Saint Lawrence Counties, respectively. Jefferson and Saint Lawrence Counties are located in the Northern District of New York, § 112(a), and Seneca County is in the Western District of New York, § 112(d).

initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Because Plaintiff's remaining claims – those against the individual DOCCS officials in Albany – appear to arise from those officials' decisions and actions, transfer to the Northern District of New York under § 1404(a) is appropriate for those claims. Plaintiff is therefore directed to show cause, within 30 days of the date of this order, why Plaintiff's remaining claims should not be transferred to the United States District Court for the Northern District of New

York. If Plaintiff does not file a response within 30 days, the Court will transfer Plaintiff's remaining claims to the Northern District of New York.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against DOCCS, the State of New York, and the Five Points, Cape Vincent, and Gouverneur Correctional Facilities.

The Court directs Plaintiff to file a declaration within 30 days of the date of this order showing cause why his remaining claims should not be transferred to the United States District Court for the Northern District of New York. A declaration form is attached to this order.[5] If Plaintiff fails to respond within 30 days of the date of this order, the Court will transfer Plaintiff's remaining claims to the Northern District of New York under 28 U.S.C. § 1404(a).

SO ORDERED.

Dated:   January 19, 2021
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

---

[5] The Court will not rule on any pending motions until after Plaintiff has complied with this order.

7